**IT IS ORDERED as set forth below:**



**Date: August 18, 2021**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
|  | : CHAPTER 11-SUB V |
| BRENT CANN and | : |
| MEGAN CANN | : CASE NO. 21-52013-lrc |
| Debtors. | : |

## ORDER CONFIRMING PLAN

The above-captioned bankruptcy case came before the Court for hearing on August 4, 2021 at 10:15 a.m. (the "Confirmation Hearing") to consider confirmation of the Plan.

On April 23, 2021, Brent Cann and Megan Cann ("Debtors") filed their "Plan of Reorganization" (Doc. No. 39) (the "Plan of Reorganization"). The Plan of Reorganization was modified on May 14, 2021 (Doc. No. 53) and again on June 22, 2021, the "Second Amended Plan of Reorganization" (Doc. No. 74). (The Second Amended Plan of Reorganization is referred to herein as the "Plan").

On June 30, 2021, the Court entered an "Amended Order and Notice Resetting Hearing

on Confirmation of Plan and extending Related Deadlines and Approving form of Ballot" (Doc. No. 78) ("Solicitation Order").

At the Confirmation Hearing, Debtors along with Ian M. Falcone appeared on behalf of Debtors. Leon Jones appeared as the Subchapter V Trustee. Jonathan Adams appeared on behalf of the United States Trustee. Ron Bingham appeared on behalf of Truist Bank. Joshua Anderson appeared on behalf of Simply bank. Any objections to the Plan were withdrawn at the hearing based upon the revised treatment of Class 3 and 8.

The Court has taken judicial notice of the entire record in this case including all proofs of claim.

The Court has considered the entire record at the Confirmation Hearing including but not limited to the Plan, Ballot Report, arguments of counsel and the evidence proffered at the Confirmation Hearing. Accordingly, the Court has determined:

(a)    The Debtor timely and properly: (i) filed the Plan (ii) solicited the Plan; and (iii) provided due notice of the Confirmation Hearing to Holders of Claims against Debtor and parties in interest, all in compliance with the Bankruptcy Code, Local Rules and Solicitation Order;

(b)    The Debtor filed the Ballot Certification and Summary of the Voting on Debtor's Plan ("Ballot Report") (Doc. No. 89) describing the results of voting with respect to the Plan;

(c)    The notice provided regarding the Confirmation Hearing and opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate and no further notice was required;

(f)    The legal and factual bases set forth at the Confirmation Hearing and in the entire record in this Case establish just cause for the relief granted at the Confirmation Hearing.

(g)    After due deliberation and good and sufficient cause appearing therefor, and based upon the Court's acceptance of the unopposed evidentiary proffer of testimony and evidence made at the Confirmation Hearing, and further based upon the entire record in this case, the Plan should be confirmed, and further based upon the following determinations by the Court:

1.    The Court has jurisdiction over this Chapter 11 Case and confirmation of the Plan pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28

U.S.C.§157(b)(2)(A), (L), and (O). The Court has jurisdiction to enter a Final Order with respect thereto. Debtor is eligible to be a debtor under § 109 of the Bankruptcy Code and eligible to proceed under Subchapter V of Title 11 under §§ 101(51D) and 1182. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Following entry of the Solicitation Order, in compliance with the Bankruptcy Code and the Bankruptcy Rules, Debtor effectuated filing and service on all Creditors, Holders of Claims and parties in interest of the Solicitation Order containing notice of the Confirmation Hearing and relevant deadlines and a ballot for voting on the Plan (collectively the "Solicitation Materials").

3. As described in the Solicitation Order and Certificate of Service [Docket No. 79] (a) service of the Solicitation Materials was adequate and sufficient under the circumstances and (b) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and matters described in the Solicitation Order: (i) was timely and properly provided; and (ii) provided due process and opportunity to appear and be heard to all parties in interest. Because the foregoing transmittals, notice and service were adequate and sufficient, no other or further notice is necessary or shall be required.

4. Debtors and Debtors' respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

5. Debtors, as proponents of the Plan, have met their burden of proving the elements of section 1191of the Bankruptcy Code and established, upon the unopposed proffer of evidence and the Court's judicial notice of all pleadings filed in this case (including proofs of claim), that Debtors' Plan satisfies the requirements of § 1191of the Bankruptcy Code.

6. Based on the votes submitted and representation made in court, none the holders of claims in an impaired class under the Plan, have accepted the Plan.

7. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including without limitation the treatment of priority claims and secured claims.

Accordingly, it is hereby

**ORDERED** that the plan is modified to include the following language:

- The Plan in no way alters or modifies Truist's rights to receive payments from non-debtor parties in accordance with the terms and conditions set forth in the Briarcliff Note.

- All terms and provisions of the Briarcliff Note and the Ga Fast Casual Note shall remain in full force and effect, except as expressly modified pursuant to Class 3 and Class 8 of the Plan.

- In the event of default under the Briarcliff Note, Truist shall be entitled to enforce its rights and remedies pursuant to the underlying loan documents against the Collateral and all non-Debtor Obligors.

- The Plan in no way affects, limits or amends Truist' rights and remedies pursuant to the underlying loan documents against non-Debtor parties and non-Debtor collateral.

**ORDERED** that the foregoing determinations including those above are hereby incorporated into this Confirmation Order as if fully set forth herein. It is further

**ORDERED** that the Plan is *confirmed* pursuant to 11 U.S.C. § 1191(b). All provisions of the Plan shall bind Debtors, entities receiving property under the Plan, and creditors whether or not the claims of such creditors are impaired under the Plan and whether or not such creditors have accepted the Plan. It is further

**ORDERED** that, notwithstanding anything in the Plan or in this Confirmation Order, governmental units, as defined in 11 U.S.C. § 101(27), had 180 days from the date this case was filed (March 11, 2021) to file a proof of claim as set forth in the Notice of Chapter 11 Bankruptcy Case issued in this case (Doc. No. 12). It is further

**ORDERED** that Leon Jones shall be discharged from his obligations and duties as the Subchapter V Trustee in this case pursuant to § 1183(c)(1) and Section 10.3 of the Plan upon the filing by the Debtor of a notice of substantial consummation of the Plan as required under § 1183(c)(2). It is further

**ORDERED** that all persons are permanently enjoined from commencing or continuing any action, employing any process, or acting to collect, offset, or recover any claim or cause of action that such person may have had at the date of the filing of Debtors' Chapter 11 petition

against Debtors or its property except as provided for in the Plan.

**ORDERED** that Debtor's counsel shall, within three (3) days of the entry of this Order, cause a copy of this Order to be served by first class mail, postage prepaid, on all parties and creditors to this case, and shall file promptly thereafter a certificate of service confirming such service.

**[End of Order]**

| **Prepared and Presented By:** | **Approved as to form:** |
|---|---|
| /s/ *Ian M. Falcone*<br>Ian M. Falcone<br>Georgia Bar No. 254470<br>Counsel for Debtors<br>THE FALCONE LAW FIRM, PC<br>363 Lawrence Street<br>Marietta, GA 30060<br>770-426-9359<br>imf@falconefirm.com | By: /s/ *Ron C. Bingham*<br>Ron C. Bingham<br>State Bar No. 057240<br>Attorney for Truist Bank<br>ADAMS & REESE LLP<br>3424 Peachtree Road, NE, Ste 1600<br>Atlanta, GA 30326<br>470-427-3701<br>Ron.bingham@arlaw.com |
| **Consented To By:** | **No Opposition By:** |
| By: /s/ *Leon Jones*<br>Leon Jones<br>State Bar No: 003980<br>Subchapter V Trustee<br>JONES & WALDEN LLC<br>699 Piedmont Ave<br>Atlanta, GA 30308<br>404-564-9300<br>ljones@joneswalden.com | /s/ *Jonathan Adams*<br>Jonathan Adams<br>Georgia Bar No. 979073<br>United States Department of Justice<br>Office of the United States Trustee<br>Suite 362, Richard B. Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303<br>(404)331-4437<br>Jonathan.S.Adams@usdoj.gov |

**Distribution List:**

Ian M. Falcone
THE FALCONE LAW FIRM, PC
363 Lawrence Street
Marietta, GA 30060

Leon Jones
JONES & WALDEN LLC
699 Piedmont Ave
Atlanta, GA 30308

Ron C. Bingham
ADAMS & REESE LLP
3424 Peachtree Road, NE, Ste 1600
Atlanta, GA 30326

Jonathan Adams
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303